IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MILLER MUTUAL FIRE
INSURANCE COMPANY OF TEXAS,
a foreign corporation,

Plaintiff,

v.  Civil No. 99-499 MV/RLP

SOUTHWEST SURVEYING CO., INC.,
SOUTHWEST LAND DEVELOPMENT
CORPORATION, BUENA VISTA LAND
DEVELOPMENT CORPORATION, and
FRANK E. WILSON, individually,

Defendants.

### DEFENDANT'S REQUESTED FINDINGS OF FACT AND CONCLUSIONS OF LAW

Defendant Southwest Surveying Co., Inc., S/W Land Development Corporation, improperly named as Southwest Land Development Corporation, and Frank E. Wilson, (collectively "Southwest Defendants"), by and through counsel, Calvert Menicucci, P.C. (Sean R. Calvert) respectfully request the Court to enter the following Findings of Fact and Conclusions of Law.

#### Findings of Fact

1. The present dispute concerning insurance coverage arises out of a Complaint filed by Buena Vista Land Development Corporation against Southwest Surveying, Inc., S/W Land Development Corporation, Frank E. Wilson, Franklin's Earthmoving, Inc. and Matias Armenta d/b/a Armenta Trucking Co., a/k/a Armenta Road Construction and Trucking.



2. Buena Vista Land Development Corporation entered into a contract with S/W Land Development Corporation for the preparation and compaction of the roadway subgrade and placement of basecourse on the prepared subgrade.

3. Buena Vista Land Development Corporation entered into a second, separate, agreement with Franklin's Earthmoving, Inc. for the placement of an asphalt road surface over the top of the basecourse material.

4. S/W Land Development Corporation entered into a subcontract agreement with Matias Armenta d/b/a Armenta Trucking Co., a/k/a Armenta Road Construction and Trucking, covering all of the work contracted by S/W Land Development Corporation with Buena Vista Land Development Corporation, to include the preparation and compaction of the roadway subgrade and placement of basecourse.

5. Matias Armenta d/b/a Armenta Trucking Co., a/k/a Armenta Road Construction and Trucking ("Armenta Trucking") prepared and compacted the subgrade and placed basecourse over the prepared subgrade.

6. Franklin's Earthmoving, Inc. ("Franklin's") then placed an asphalt road surface over the work performed by Armenta Trucking.

7. Subsequent to the placement of the asphalt road surface by Franklin's and after the roadway had been put to its intended use by Buena Vista Land Development Corporation, the roadway began to crack and subside.

8. The cracking and subsidence of the roadway includes cracking and subsidence to the entire roadway to include the asphalt paving course applied by Franklin's.

9. The plans and specifications for the project called for six inches of basecourse and two inches of hot mix asphalt course be placed over the basecourse.

10. Testing performed by Buena Vista Land Development Corporation up to a year after completion of the project indicated that the roadway had not been properly graded, shaped or compacted, that the base course consisted of as little as one-half inch of gravel in certain locations, and that the asphalt was as thin as one quarter inch.

11. Plaintiff Millers Mutual Fire Insurance Company of Texas issued commercial general liability policies naming S/W Land Development Corporation, Southwest Surveying, Inc. and Frank E. Wilson covering the period November 6, 1994 through November 6, 1998 under policy numbers 01-CL-101714/000, 01-CL-101714/000 renewed as A8629228, 02-CL-004521-0, and 02-CL-004521-2.

12. S/W Land Development Corporation, Southwest Surveying, Inc. and Frank E. Wilson tendered the claim to Plaintiff within one week of being served with the Complaint by Buena Vista Land Development Corporation.

13. All policies issued by Plaintiff contain an insuring agreement which provides in part "We will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which the insurance applies. We will have the right and duty to defend any 'suit' seeking those damages."

14. All policies issued by Plaintiff contain a limitation in the insuring agreement which provides in part "This insurance applies to 'bodily injury' and 'property damage' only if: (1) The 'bodily injury' or

'property damage' is caused by an 'occurrence' that takes place in the 'coverage territory'; and (2) The 'bodily injury' or 'property damage' occurs during the policy period."

15. All policies issued by Plaintiff contain a definition of "property damage" which includes "a. physical injury to tangible property, including all resulting loss of use of that property. All such loss shall be deemed to occur at the time of the physical injury that caused it; or b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the 'occurrence' that caused it."

16. The underlying complaint alleges physical injury to the roadway, to include the cracking and subsidence of the asphalt paving course applied by Franklin's, and loss of use of the roadway.

17. All policies issued by Plaintiff contain an exclusion for "'bodily injury' or 'property damage' expected or intended from the standpoint of the insured."

18. The underlying complaint alleges damages as a result of the negligent and unknowing conduct of S/W Land Development Corporation, Southwest Surveying Co., Inc. and Frank E. Wilson.

19. All policies issued by Plaintiff contain an exclusion for "'property damage' to 'your product' arising out of it or any part of it."

20. The policies issued by Plaintiff define 'your product' to include "any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by: (1) you; (2) others trading under your name; or (3) a person or organization whose business or assets you have acquired...."

21. S/W Land Development Corporation, Southwest Surveying and Frank E. Wilson supplied Buena Vista Land Development Corporation with a service, namely the construction of a physical improvement to tangible property, which became affixed to the real property.

22. All policies issued by Plaintiff contain an exclusion for "'property damage' to 'your work' arising out of it or any part of it and included in the 'products-completed operations hazard'. This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor."

23. The policies issued by Plaintiff define "your work" to include "a. work or operations performed by you or on your behalf; and b. materials, parts or equipment furnished in connection with such work or operations."

24. The policies issued by Plaintiff further include an exception to the exclusion for "damage to your work" for the "products-completed operations hazard", which includes "all 'bodily injury' and 'property damage' occurring away from premises you own or rent and arising out of 'your product' or 'your work' except: (1) products that are still in your physical possession; or (2) work that has not yet been completed or abandoned."

25. All property damage alleged in the underlying complaint and loss of use of the property are alleged to have occurred up to one year after completion of the project and the commitment by Buena Vista Land Development Corporation of the roadway to its intended purpose.

26. The policies issued by Plaintiff contain an additional exclusion for "'property damage' to 'impaired property' or property that has not been physically injured, arising out of: (1) a defect, deficiency, inadequacy or dangerous condition in 'your product' or 'your work'; or (2) a delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms. This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to 'your product' or 'your work' after it has been put to its intended use."

27. The underlying complaint does not allege that Defendant Frank E. Wilson acted other than in his capacity as an employee and shareholder of S/W Land Development Corporation and Southwest Surveying, Inc.

28. The work of Southwest Surveying extended only to the construction staking for the construction of the roadway and is not alleged to have resulted in the failure of the roadway.

## Conclusions of Law

1. Under New Mexico law an insurer's duty to defend is independent from and greater than its duty to indemnify.

2. The duty to defend arises from the allegations of the underlying complaint.

3. If the allegations of the injured third party's complaint show that an accident or occurrence comes within the coverage of the policy, the insurer is obligated to defend, regardless of the ultimate liability of the insured.

4. The insurer must also fulfill its promise to defend the insured even though the complaint fails to state facts with sufficient clarity so that it may be determined from its face whether or not the action is within the coverage of the policy, provided the alleged facts tend to show an occurrence within the coverage.

5. The underlying complaint clearly alleges property damage within the coverage of the policies as it alleges physical injury to the completed roadway, which roadway is the joint work of S/W Land Development Corporation, Franklin's Earthmoving, Inc., Matias Armenta d/b/a Armenta Trucking Co., a/k/a Armenta Road Construction and Trucking, and Buena Vista Land Development Corporation.

6. The underlying complaint alleges both intentional and unintentional acts on behalf of S/W Land Development Corporation, Southwest Surveying, Inc. and Frank E. Wilson and this Court cannot state as a matter of law that the exclusion for expected or intended injury will apply to all of the damages alleged.

7. S/W Land Development Corporation and Southwest Surveying, Inc. provided services to Buena Vista Land Development Corporation. They were not selling the finished roadway, or even the portion of the roadway that they agreed to build; rather they were selling their services in constructing the roadway and as such the work of S/W Land Development Corporation and Southwest Surveying, Inc. does not constitute a product under the policies.

8. The roadway built by S/W Land Development Corporation, Franklin's Earthmoving, Inc. and Matias Armenta d/b/a Armenta Trucking Co., a/k/a Armenta Road Construction and Trucking was

affixed to the real property and is specifically excluded from the definition of "your product" within the policies issued by Plaintiff.

9. The physical injury to the roadway complained of occurred subsequent to the completion by S/W Land Development Corporation of all work within its contract with Buena Vista Land Development Corporation and after the roadway was committed to use for its intended purpose of carrying traffic by Buena Vista Land Development Corporation. As such the "products-completed operations hazard" applies.

10. The damages alleged in the underlying complaint cannot clearly be said to fall within the policy exclusion for damage to 'your work' as the underlying complaint alleges damage to the roadway in general, which would include the separate work of Franklin's Earthmoving, Inc. and Buena Vista Land Development Corporation.

11. The policy exclusion for damage to your work is further inapplicable as the work was performed by a subcontractor, Armenta Trucking, and the work was within the products-completed operations hazard.

12. The policy exclusion for damage to impaired property or property not physically injured is not applicable as there was physical injury to tangible property and the property cannot be restored to use merely by the replacement, adjustment or removal of the work.

13. The policy exclusion for recall of products, work or impaired property is not applicable, as there was no recall or replacement of the work as a result of a suspected defect, but rather the work was replaced as a result of the physical injury to the property.

14. Defendant Frank E. Wilson did not act other than in his capacity as an employee and shareholder of S/W Land Development Corporation and Southwest Surveying, Inc.

15. Millers Mutual Fire Insurance Company of Texas owes a duty to defend Frank E. Wilson as its insured, as the complaint alleges physical injury to real property as a result of an occurrence and such facts as are alleged in the complaint do not give rise to any policy exclusion applicable to the coverage of Frank E. Wilson.

16. The roadway alleged to have failed in the underlying complaint is not the product or work of Defendant Southwest Surveying, Inc.

17. Millers Mutual Fire Insurance Company of Texas owes a duty to defend Southwest Surveying, Inc. as its insured as the complaint alleges physical injury to real property as a result of an occurrence and such facts as are alleged in the complaint do not give rise to any policy exclusion applicable to the coverage of Southwest Surveying, Inc.

18. This Court cannot declare as a matter of law that the underlying complaint does not allege facts which would bring S/W Land Development Corporation within the coverage of the policies issued by Plaintiff Millers Mutual Fire Insurance Company of Texas. Millers Mutual Fire Insurance Company of Texas owes a duty to defend S/W Land Development Corporation in the underlying action until such time as the court in the underlying action determines that there is no duty to defend or indemnify Defendant S/W Land Development Corporation.

Respectfully submitted,

Calvert ✣ Menicucci, P.C.

/s/ Sean R. Calvert
Sean R. Calvert
Attorneys for Defendants
P.O. Drawer 6305
Albuquerque, New Mexico 87197
T: (505) 247-9100
F: (505) 247-9761

I hereby certify that copy of the foregoing
Findings of Fact and Conclusions of Law
was mailed on the _9_ day of May, 2000,
to:

Scott P. Hatcher, Esq.
Hatcher, Sullivan & Grand, P.A.
229 East Marcy
Santa Fe, New Mexico 87501

/s/ Sean R. Calvert
Sean R. Calvert

-10-