IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MILLERS MUTUAL FIRE INSURANCE
COMPANY OF TEXAS, a foreign corporation,

    Plaintiff,

vs.                                                                         No. CIV 99-499 MV/RLP

SOUTHWEST SURVEYING COMPANY, INC.,
SOUTHWEST LAND DEVELOPMENT
CORPORATION, BUENA VISTA LAND
DEVELOPMENT CORPORATION, AND
FRANK E. WILSON, individually,

    Defendants.

## **MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court on Defendants' Motion for Reconsideration, filed May 26, 2000 [Doc. No. 36] and Plaintiff's Motion to Allow Proceeding Pursuant to Federal Rule Civil Procedure 56(d), filed June 8, 2000 [Doc. No. 37]. The Court, having considered the motions, responses, relevant law, and being otherwise fully advised, finds that the motion for reconsideration is well-taken and will be granted and that the motion pursuant to Rule 56(d) will be denied as moot.

### **BACKGROUND**

This is an action brought by Millers Mutual Fire Insurance Company of Texas ("Millers") seeking declaratory judgment that it does not have a duty to defend or indemnify Defendants Southwest Surveying Co., Inc. ("Southwest Surveying"), S/W Land Development Corporation[1] ("S/W Land"), and Frank E. Wilson (collectively "Southwest Defendants") in the underlying action brought by Buena Vista

---

[1]S/W Land Development Corporation was misnamed as Southwest Land Development Corporation in the complaint.

1

Land Development Corporation ("Buena Vista") against Southwest Defendants, Franklin's Earthmoving, Inc. ("Franklin's Earthmoving"), and Matias Armenta d/b/a/ Armenta Trucking Co., a/k/a Armenta Road Construction & Trucking (" Armenta Trucking").

Millers issued commercial general liability ("CGL")  insurance policies to the Southwest Defendants which cover "'bodily injury' or 'property damage'[which] is caused by an 'occurrence.'" *Commercial General Liability Coverage Form*, at § I(1)(b). "Occurrence" is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." *Id.* at § V(12). "Property damage" is defined as "physical injury to tangible property, including all resulting loss of use of that property. . . . or loss of use of tangible property that is not physically injured." *Id.* at § V(15).  The CGL policy only applies if the complaint in the underlying action alleges both an "occurrence" and "property damage."

On October 15, 1998, Buena Vista filed suit against the Southwest Defendants, Franklin's Earthmoving, and Armenta Trucking in the Second Judicial District, County of Bernalillo, Cause No. CV 98-09946.  Buena Vista filed its First Amended Complaint on or about May 20, 1999.  The Southwest Defendants tendered the  First Amended Complaint in the underlying action to Millers with a demand that it defend and indemnify them.  Millers timely accepted the demand and has been providing the Southwest Defendants a defense under a reservation of rights.

According to the complaint[2] in the primary action, Buena Vista is the owner and developer of portions of a residential development named Sandia Mountain Ranch located in Bernalillo County, New Mexico.  Buena Vista complains that Southwest Defendants and the other defendants failed to construct a roadway for which they were hired to construct in compliance with the applicable specifications. Buena Vista contracted with S/W Land to construct the base coarse and subgrades of the roads in Phase

---

[2]The "complaint" refers to the First Amended Complaint.

I of the Sandia Mountain Ranch project pursuant to the Construction Agreement. The Construction Agreement provided that S/W Land would construct the roadways in accordance with various specifications, including installing a six inch gravel base course. According to the complaint, S/W Land subcontracted the work under the Construction Agreement to Armenta Trucking, knowing that Armenta Trucking was neither qualified to complete the road construction work nor possessed the required contractor's license. Buena Vista contracted with Franklin's Earthmoving to install the asphalt paving according to construction specifications which required the placing of a two inch asphalt paving surface over the gravel base coarse. When Franklin's Earthmoving was contacted to complete the asphalt paving, it recognized that the subgrades were not properly shaped. S/W Land was contacted about the problem and had Armenta Trucking do additional work. Buena Vista alleges that rather than correcting the subgrade, Armenta Trucking moved the gravel from the edges of the road to the middle to form the required crown. The road was then paved, temporarily concealing the defects. Southwest Surveying was called on by Wilson to undertake the construction surveying.

Buena Vista complains that after the roadways were completed they began to fail and break apart. The complaint states:

> Upon inspection, it was determined that the subgrades of the roadways had not been properly graded, shaped or compacted; that the base coarse which was supposed to consist of six inches of gravel, instead consisted of as little as one-half inch of gravel; and that the asphalt which was supposed to be two inches thick, in some places was as thin as one quarter inch.

*First Amended Complaint* at ¶ 22. Because of these problems, Buena Vista asserts it was required by Bernalillo County to tear out and reconstruct the roadways. The work was declared completed prior to the occurrence of any of the damage claimed by Buena Vista. Moreover, the work began to fail after it was put to its intended use by Buena Vista.

The Court held in its Memorandum Opinion and Order of May 19, 2000 that Millers did not have

3

a duty to defend or indemnify the Southwest Defendants based on the Court's conclusion that though "property damage" was alleged, an "occurrence" was not alleged in the First Amendment Complaint because there was no accidental conduct charged.  The Southwest Defendants notified the Court that Buena Vista was seeking to file a Second Amended Complaint in the underlying action.  The Court found that the Second Amended Complaint did allege an "occurrence" in the claim for negligent misrepresentation and factual allegations that S/W Land should have known that Armenta Trucking would not build the subgrade according to specifications.  However, the Court held that even if the Second Amended Complaint were filed in the underlying action, one of the policy exclusions, section I(2)(m), applies, defeating coverage.

The Southwest Defendants move the Court to reconsider its decision on two issues.  First, the Southwest Defendants argue that the Court wrongly concluded that the section I(2)(m) policy exclusion applies.  Second, they assert that the Court failed to consider each defendant separately in determining the coverage issues.

## STANDARD OF REVIEW

Defendants did not specify the particular rule of procedure pursuant to which they move for reconsideration.  However, the Tenth Circuit has clearly stated that "regardless of how styled, a motion questioning the correctness of a judgment and timely made within ten days thereof will be treated under Rule 59(e)." *Dalton v. First Interstate Bank*, 863 F.2d 702, 703 (10th Cir.1988); *see also Phelps v. Hamilton*, 122 F.3d 1309, 1323 (10th Cir. 1997).  Because Plaintiffs' motion was filed within ten days of the Judgment, Rule 59(e) controls.  A motion to alter or amend the judgment pursuant to Rule 59(e)should be granted only "to correct manifest errors of law or to present newly discovered evidence.'"  *Phelps*, 122 F.3d at 1324 (quoting *Committee for the First Amendment v. Campbell*, 962 F.2d 1517, 1523 (10th Cir. 1992)).

**DISCUSSION**

The CGL policy in this case only applies if the complaint in the underlying action alleges both an "occurrence" and "property damage."[3] The Court previously held that the First Amended Complaint does allege "property damage," but does not allege an "occurrence." These portions of the Court's Order are not challenged. Defendants do, however, challenge the Court's ruling that if the plaintiffs in the underlying suit were permitted to file their Second Amended Complaint, an occurrence would be alleged, but that coverage would still be denied because one of the exclusions applied.

The Second Amended Complaint makes two significant changes. First, now that its Unfair Practices Act claim has been dismissed, Buena Vista seeks to add a new Count Four for intentional, negligent or innocent misrepresentation or omissions of material fact and/or constructive discharge. The other relevant change is that Buena Vista added new factual allegations that "S/W Land knew or should have known that Armenta Trucking was not qualified to build the subgrade and would not build it in accordance with acceptable road building standards in New Mexico." *Second Amended Complaint*, at ¶ 13. In the First Amended Complaint, by contrast, Buena Vista alleged that S/W Land knew that Armenta Trucking was not qualified to do road construction work. Essentially then, Buena Vista seeks to amend its complaint to charge S/W Land with negligently failing to investigate Armenta Trucking's qualifications and to charge all three defendants will negligently misrepresenting or omitting certain material facts, including Armenta Trucking's qualifications. The Court found in its May 19, 2000 Memorandum Opinion and Order that these allegations in the Second Amended Complaint allege an "occurrence," but went on to hold that one of the policy exclusions applies to preclude coverage – a ruling which Defendants urge the Court to reconsider. The Court therefore reexamines the policy exclusion at issue.

---

[3]All parties agree that there is no allegation of bodily injury.

**A. Exclusion (m) for Damage to Impaired Property**

The Southwest Defendants' CGL policy with Millers provides that it does not apply to:

'Property damage' to 'impaired property' or property that has not been physically injured arising out of:

> (1) A defect, deficiency, inadequacy or dangerous condition in 'your product' or 'your work'; or
>
> (2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to 'your product' or 'your work' after it has been put to its intended use.

*Commercial General Liability Coverage Form*, at § I(2)(m).

The Court previously concluded that this exclusion did apply, finding that because the complaint alleged property damage to impaired property. The Southwest Defendants argue that this is incorrect because the complaint alleges that some of the defective work was completed by Franklin's Earthmoving and the Court wrongly believed that Franklin's Earthmoving was a subcontractor of the Southwest Defendants.

Upon closer examination of this exclusion, the Court finds that it does not apply. The Southwest Defendants correctly argue that the only portion of this exclusion which could be applicable is "property damage" to "impaired property" because the other portion of the exclusion applies to "property not physically injured" which does not apply in this case which does not involve uninjured property. "Impaired property" is defined by the policy as:

tangible property, other than "your product" or "your work," that cannot be used or is less useful because:

> a. It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

6

    b. You have failed to fulfill the terms of a contract or agreement;

  if such property can be restored by:

    a. The repair, replacement, adjustment or removal of "your product" or "your work"; or

    b. Your fulfilling the terms of the contract or agreement.

*Commercial General Liability Coverage Form*, at § V (7). Pursuant to this definition, the Southwest Defendants' property or work done by their subcontractor is not considered "impaired property." Therefore, "impaired property" does not include the subgrade and basecoarse. In this case, there is impaired property which is not the property or work of Southwest Defendants – the asphalt installed by Franklin's Earthmoving over the base coarse. However, the definition only applies if the property can be restored to use by repairing Southwest Defendant's work. Here, it is alleged that Franklin's Earthmoving's work was independently defective. The complaint charges that the asphalt which Franklin's Earthmoving installed was supposed to be two inches thick, but in some places was as thin as one quarter inch. *First Amended Complaint* at ¶ 22. This cannot be restored to use by repairing the Southwest Defendant's work because the asphalt has specific specifications with which Franklin's Earthmoving did not comply. Repairing the surface underneath the asphalt, for which the Southwest Defendants are responsible, will not remedy the inadequacies of the asphalt layer. Accordingly, there is no property damage to "impaired property" as defined by the policy, and therefore the exclusion does not apply.

  The Court's Memorandum Opinion and Order of May 19, 2000, relied on the applicability of this exclusion in holding that Millers had no duty to defend or indemnify the Southwest Defendants. Having found upon reconsideration that in fact the section I(2)(m) exclusion does not apply and having previously found that the Second Amended Complaint alleges both "property damage" and an

"occurrence," the Court must return to the parties' arguments regarding the other policy exclusions to decide whether Millers has a duty to defend the Southwest Defendants in the underlying action.

Before turning to the additional exclusions, the Court will review the standards it must apply. Under New Mexico law, an insurer has a duty to defend an insured from an action if the allegations in the underlying complaint state a claim potentially covered by the insurance policy. *Foundation Reserve Ins. Co. v. Mullenix*, 97 N.M. 618, 619-20 (1982) at 619-20 ("if the allegations of the injured third party's complaint show that an accident or occurrence comes within the coverage of the policy, the insurer is obligated to defend, regardless of the ultimate liability of the insured") (quoting *American Employers' Ins. Co. v. Continental Cas. Co.*, 85 N.M. 346, 348 (1973)); *Valley Improvement Assoc., Inc. v. Ins. Co. of North America*, 129 F.3d 1108, 1115 (10th Cir. 1997); *Lopez*, 117 N.M. at 210 ("Whether an insurer has a duty to defend is determined by comparing the factual allegations in the complaint with the insurance policy"). Even if the allegations are not clear enough to determine whether the action is covered by the policy, if the alleged facts tend to show a covered occurrence, the insurer must defend the insured. *Mullenix*, 97 N.M. at 619 (quoting *American Employers' Ins. Co.*, 85 N.M. at 348). Moreover, if the injured third party has pleaded any grounds against the insured covered by the policy, the insurer must defend the insured, even if the action includes claims not covered by the policy. *Valley Improvement Assoc.*, 129 F.3d at 1116 (citing cases). Ambiguities must be resolved in favor of the insured. *Id.*

### B. Exclusion (n) for Recall of Products, Work or Impaired Property

Section (n) excludes coverage for

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

>    (1) "Your product";
>
>    (2) "Your work"; or
>
>    (3) "Impaired property";
>
> if such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

Because the underlying complaint states that the roadway failed rather than complaining that the replacement is needed because of a suspected defect, the Defendants argue that this exclusion does not apply. Millers counters that this exclusion applies because in the underlying action Buena Vista is seeking damages for the costs of the loss of use and repair and replacement of the defective roadway caused by the inadequate subgrade preparation and basecoarse.

The case law interpreting this exclusion (n) is clear. This exclusion is the so-called "sistership" exclusion which applies in cases in which a product has been found defective and therefore other similar products which have not yet failed are withdrawn from use based on the assumption that they have a similar defect. *See International Env. Corp. v. National Union Ins.*, 843 F.Supp. 1218, 1229 (N.D.Ill. 1993) (citing *U.S. Fidelity & Guaranty Co. v. Silkin Insulation*, 578 N.E.2d 926, 934); *Action Auto Stores, Inc. v. United Capitol Ins. Co.*, 845 F.Supp. 417, 426 (W.D.Mich. 1993) (citing *Honeycomb Systems, Inc. v. Admiral Ins. Co.*, 567 F.Supp. 1400, 1406-07 (D.Me. 1983)). In *International Env. Corp.*, the underlying complaint alleged damages from replacing or repairing pipes that had failed. Because this did not include replacing other similar pipes which had not yet failed, the court held that the exclusion was inapplicable. 843 F.Supp. at 1229-30. In *Action Auto Stores*, the court held that the exclusion did not apply to the removal of polluted earth allegedly caused by the plaintiff's product. 845 F.Supp. at 426. Similarly, the Court finds that exclusion (n) does not apply in this case where the

underlying complaint does not allege needing to repair or replace other subgrades now that this subgrade failed, but merely alleges that the roadway fell apart. Millers cites to no case law otherwise interpreting the "sistership" exclusion.

### C. Exclusion (a) for Expected or Intended Injury

Section (a) excludes coverage for "'property damage' expected or intended from the standpoint of the insured." Neither party addresses this exclusion in detail. Millers merely refers the Court to its arguments that the underlying complaint does not allege an "occurrence" in support of its contention that the complaint alleges expected or intended property damage. The Southwest Defendants argue that because the complaint includes counts for negligent conduct, all of the claims are not covered by this exclusion, and Millers has a duty to defend. As with its analysis of whether an "occurrence" was alleged, the Court finds that there is conduct alleged in the complaint that falls outside the exclusion for expected or intended injury. The Second Amended Complaint states a claim for intentional, negligent or innocent misrepresentation against all three Southwest Defendants asserting that they misrepresented or omitted certain facts, including Armenta Trucking's qualifications. Because the complaint alleges in the alternative that these misrepresentations were negligent or innocent, the Court finds that there is some conduct alleged which was not intended. Therefore, this exclusion does not apply.

### D. Exclusion (k) for Damage to Your Product

Section (k) excludes coverage for "'[p]roperty damage' to 'your product' arising out of it or any part of it." "Your product" is defined as, "[a]ny goods or products, *other than real property*, manufactured, sold, handled, distributed or disposed of by you" and includes "warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of 'your product.'" *Commercial General Liability Coverage Form*, at § V(15) (emphasis added). The Southwest Defendants argue that this exclusion does not apply because the roadway is real property

which is excepted from the exclusion. The Court agrees with the Southwest Defendants' contention that the road is real property and that even if the subgrade and basecourse can be seen as their product it has been annexed to real property. Millers' cursory response merely states that this exclusion is designed to prevent CGL policies from guaranteeing work and asserts, without authority, that the subgrade is the Defendants' "product." The Court finds that the damage alleged in this case is to a roadway which is real property and that therefore the "damage to your product" exclusion does not apply.

### E. Individual Defendants

The Court's finding that the misrepresentation claim states an "occurrence" applies to all three Southwest Defendants – Southwest Surveying, S/W Land, and Wilson. The Second Amended Complaint alleges in its factual section that S/W Land should have known that Armenta Trucking would not build the subgrade according to specifications. Count IV states a claim for intentional, negligent or innocent misrepresentation or omissions of material fact and/or constructive fraud against all three Southwest Defendants, alleging that Wilson, individually and as agent for both S/W Land and Southwest Surveying, made certain misrepresentations or omissions of fact. Buena Vista's allegation that the three Southwest Defendants, through Wilson, negligently or innocently, misrepresented or omitted certain facts alleges an "occurrence" against these Defendants, as the Court explained in its Memorandum Opinion and Order of May 19, 2000.

Having reconsidered its earlier decision and found that the Second Amended Complaint alleges "property damage" and an "occurrence" as to Southwest Surveying, S/W Land, and Wilson, and that none of the policy exclusions apply,[4] the Court finds that Millers has a duty to defend all three Southwest Defendants in the underlying action. The Court will decide the indemnity issue when the underlying

---

[4] The Court reviewed all policy exclusions which Millers asserted in its motion for summary judgment applied.

11

action is resolved. *Mullenix*, 97 N.M. at 619-20.[5]

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants' Motion for Reconsideration **[Doc. No. 36]** is hereby **granted** and Plaintiff's Motion to Allow Proceeding Pursuant to Federal Rule Civil Procedure 56(d), filed **[Doc. No. 37]** is hereby **denied as moot**. Having granted the Motion for Reconsideration, the Court hereby **sets aside** the Judgment **[Doc. No. 32]** and amends its Memorandum Opinion and Order of May 19, 2000 **[Doc. No. 31]** as follows: Defendants' Motion for Summary Judgment or Partial Summary Judgment and Stay of Proceedings **[Doc. No. 12]** is hereby **granted in part** and Plaintiff's Countermotion for Summary Judgment **[Doc. No. 14]** is hereby **denied**. This case is hereby **reopened**.

**DATED** this 22nd day of September, 2000.

_____
MARTHA VÁZQUEZ
U. S. DISTRICT JUDGE

Attorney for Plaintiff
Scott P. Hatcher

Attorney for Defendants
Carl Calvert
Sean Calvert

---

[5] Having found that Millers does have a duty to defend the Southwest Defendants, Millers' Motion Pursuant to Federal Rule of Civil Procedure 56(d) for attorney's fees is moot.