IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MILLERS MUTUAL FIRE INSURANCE
COMPANY OF TEXAS, a foreign corporation,

        Plaintiff,

vs.                                                                                No. CIV 99-499 MV/RLP

SOUTHWEST SURVEYING COMPANY, INC.,
SOUTHWEST LAND DEVELOPMENT
CORPORATION, BUENA VISTA LAND
DEVELOPMENT CORPORATION, AND
FRANK E. WILSON, individually,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff's Motion for Reconsideration or Motion to Alter or Amend Judgment Pursuant to Rule 59(e), filed October 12, 2001 **[Doc. No. 44]**. The Court, having considered the motion, response, relevant law, and being otherwise fully advised, finds that the motion for reconsideration is not well-taken and will be **denied**.

### BACKGROUND

This is an action brought by Millers Mutual Fire Insurance Company of Texas ("Millers") seeking declaratory judgment that it does not have a duty to defend or indemnify Defendants Southwest Surveying Co., Inc. ("Southwest Surveying"), S/W Land Development Corporation ("S/W Land"), and Frank E. Wilson (collectively "Southwest Defendants") in the underlying action brought by Buena Vista Land Development Corporation ("Buena Vista") against Southwest Defendants, Franklin's Earthmoving, Inc. ("Franklin's Earthmoving"), and Matias Armenta d/b/a/ Armenta Trucking Co., a/k/a Armenta Road Construction & Trucking ("Armenta

Trucking"). The facts of this case are more fully set forth in this Court's prior September 22, 2000 Order granting Defendant's motion for reconsideration. However, the Court will briefly recapitulate the relevant portions of this Court's Orders, and the parties' arguments.

In the Court's May 19, 2000 Order, the Court found that the First Amended Complaint did allege "property damage" as stated in the commercial general liability ("CGL") insurance policies that Millers issued to the Southwest Defendants. However, the Court found that the underlying complaint did not allege an "occurrence" as defined in the CGL policy. Therefore, with respect to the first amended complaint, this Court found that it did not allege facts sufficient to require Millers to defend the Southwest Defendants in the underlying action in state court. However, while this Court's decision was pending, Buena Vista sought to file a second amended complaint in the underlying action that would have added an additional claim of negligent misrepresentation and factual allegations that S/W Land should have known that Armenta Trucking would not build the subgrade according to the specifications. The Southwest Defendants sought to stay this case until the state court decided whether to permit Buena Vista to file a second amended complaint. The Court found that the second amended complaint did allege an occurrence, but that a policy exclusion applied, denying coverage. Thus, the Court denied the Southwest Defendants' motion for a stay, finding that even if the second amended complaint were allowed, it did not allege facts sufficient to require Millers to defend the Southwest Defendants in the underlying lawsuit.

The Southwest Defendants filed a timely motion for reconsideration of this Court's May 19, 2000 Order. The Southwest Defendants focused on the claim raised in the second amended complaint, and argued that the policy exclusion did not apply to the claim of negligent

misrepresentation.  This Court agreed, and upon reconsideration, held that because the policy exclusion did not apply, Millers had a duty to defend all three Southwest Defendants in the underlying action.  In this motion, Millers asks this Court to reconsider its ruling in the May 19, 2000 Order that the second amended complaint alleged an "occurrence" within the definition of the CGL policy.

## STANDARD OF REVIEW

A motion to alter or amend the judgment pursuant to Rule 59(e) should be granted only "to correct manifest errors of law or to present newly discovered evidence.'" *Phelps*, 122 F.3d at 1324 (quoting *Committee for the First Amendment v. Campbell*, 962 F.2d 1517, 1523 (10th Cir. 1992)).  A motion to reconsider "is not a license for a losing party's attorney to get a 'second bite at the apple'" to make legal arguments that could have been made previously.  *Mantle Ranches, Inc. v. U.S. Park Service*, 950 F. Supp. 299, 300 (D. Colo. 1997) (quoting *Johnston v. Cigna Corp.*, 789 F. Supp. 1098, 1101 (D. Colo. 1992)).

## DISCUSSION

Millers has filed a "motion for reconsideration"[1] and has also filed a notice of appeal.  The filing of a notice of appeal confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982).  Thus, generally, this Court does not have

---

[1] The Federal Rules of Civil Procedure do not recognize a "motion for reconsideration."  Instead, the Court construes such a filing in one of two ways.  *See Hatfield v. Board of County Com'rs for Converse County*, 52 F.3d 858 (10th Cir. 1995).  If the motion is filed within ten days of the district court's entry of judgment, the motion is treated as a motion to alter or amend the judgment under FED. R. CIV. P. 59(e).  *Id.* at 861. Alternatively, if the motion is filed more than ten days after the entry of judgment, it is considered a motion seeking relief from the judgment under FED. R. CIV. P. 60(b).  *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

jurisdiction over a matter once it has been appealed to the court of appeals.  Nevertheless, a district court may exercise some jurisdiction over a motion to reconsider, even though a party has already filed a notice of appeal.  *See Aldrich Enterprises, Inc. v. United States*, 938 F.2d 1134, 1143 (10th Cir. 1991).  While the district court may not, in these circumstances, grant the motion to reconsider, the court retains jurisdiction to deny the motion.  *Id.*  Thus, this Court has jurisdiction to review Millers' motion for reconsideration and deny the motion if it is not well taken.

Millers asks this Court to reconsider its ruling in the *May 19, 2000* Order that the second amended complaint alleged an "occurrence" within the definition of the CGL policy.  Southwest Defendants correctly point out that this Court's September 22, 2000 Order did not discuss whether the second amended complaint alleged an "occurrence."   Only the May 19, 2000 Order made that finding.  It was not raised by either party in the motion for reconsideration.  Had Millers wanted to challenge this Court's conclusions about whether the second amended complaint alleged an "occurrence," it should have done so within ten days of the entry of the original judgment, or at the very least raised the issue in its response to Southwest Defendants' motion for reconsideration.  Therefore, the Court agrees that Millers' motion for reconsideration should be denied as untimely.

Even if this Court were to consider Millers' motion on the merits, the Court would find Millers' motion for reconsideration should be denied.  Millers does not present newly discovered evidence.  The fact that the state court allowed the second amended complaint after this Court issued its May 19, 2000 Order does not constitute newly discovered evidence.  The parties and this Court anticipated that fact in the initial motions for summary judgment.

Nor has Millers convinced this Court that it made a manifest error of law. In its motion for reconsideration, Millers simply re-argues the same point it made previously. Millers motion for reconsideration is a second "bite at the apple." As such, it does not present adequate grounds on which to grant its motion for reconsideration. A party may not reargue an issue previously addressed by the court when the motion to reconsider merely reasserts arguments already made or advances new arguments or supporting facts which were available for presentation at the time of the original argument. *See Van Skiver v. United States*, 952 F. 2d 1241, 1243 (10th Cir. 1991) ([R]evisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original [motion] was briefed is likewise inappropriate.).

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Reconsideration or Motion to Alter or Amend Judgment Pursuant to Rule 59(e), filed October 12, 2001 [Doc. No. 44] is hereby **denied**.

Dated this 3rd day of August, 2001.

_____
MARTHA VÁZQUEZ
U. S. DISTRICT COURT JUDGE

Attorney for Plaintiff
Scott P. Hatcher

Attorney for Defendants
Carl Calvert
Sean Calvert